
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOSE FRANCISCO CHICAS-MEJIA, AKA Jose Chicas-Mejia, AKA Jose Mejia, AKA Luis Antonio Borrero Rivera, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-70240 <br><br> Agency No. A099-580-352 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2011[**]
Seattle, Washington

Before: KOZINSKI, Chief Judge, BEEZER and PAEZ, Circuit Judges.


Jose Francisco Chicas-Mejia, a native and citizen of El Salvador, petitions

for review of the decision of the Board of Immigration Appeals ("BIA") dismissing

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his appeal from the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We agree with the BIA that Chicas-Mejia was statutorily ineligible for asylum because he filed his asylum application more than one year after his entry into the United States, and did not show that extraordinary or changed circumstances existed to excuse the late filing. *See* 8 U.S.C. § 1158(a)(2)(B), (D).

We reject Chicas-Mejia's claim that he is eligible for withholding of removal under 8 U.S.C. § 1231(b)(3) on the basis of his membership in a particular social group and/or his political opinion. Chicas-Mejia's proposed social group, "drivers of public transportation in El Salvador," does not constitute a particular social group under the Immigration and Nationality Act because its members are united only by their job description. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1170-71 (9th Cir. 2005). This group is united neither by a voluntary association nor an immutable characteristic. *See Velasco-Cervantes v. Holder*, 593 F.3d 975, 978 (9th Cir. 2010).

Chicas-Mejia's claim for withholding of removal on the basis of his political opinion also fails. Substantial evidence supports the BIA's conclusion that Chicas-Mejia was not politically active and never expressed an anti-gang political opinion. Further, there was no evidence that the gangs in El Salvador ever imputed an anti-

gang political opinion to him. *See Navas v. INS*, 217 F.3d 646, 656 (9th Cir. 2000).

Chicas-Mejia's claim for protection under CAT is also without merit. As the BIA concluded, the record evidence does not show that it is more likely than not that he would face torture by or with the acquiescence of the government of El Salvador. *See* 8 C.F.R. § 1208.18(a)(1)-(2).

Finally, we note that Chicas-Mejia asserts in his opening brief that he was denied due process as a result of numerous errors by the IJ and BIA. He failed, however, to present a specific due process argument in his brief. Therefore, Chicas-Mejia has abandoned any such claim. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

**DENIED.**